UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-23790-CIV-LENARD

**ANA USATEGUI,**

    Plaintiff,

v.

**DELTA AIR LINES, INC.,**

    Defendant.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND**

**THIS CAUSE** is before the Court on Plaintiff Ana Usategui's Motion for Leave to File an Amended Complaint to Add a Defendant and Remand to Florida State Court, ("Motion," D.E. 23), filed November 30, 2023.  Defendant Delta Air Lines, Inc. filed a response on December 15, 2023, ("Response," D.E. 30), to which Plaintiff filed a reply ("Reply," D.E. 31) on December 20, 2023.  Upon review of the Motion, Response, Reply, and the record, the Court finds as follows.

**I.    Background**

On March 22, 2023, Plaintiff filed a Complaint against Defendant Delta Air Lines Inc. ("Delta") in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.  (D.E. 1-1 at 4–7.)  Plaintiff later filed the operative First Amended Complaint on July 27, 2023.  ("Amended Complaint," D.E. 1-1 at 32–35.)  The Amended Complaint alleges that Plaintiff is a resident of Miami-Dade County, Florida and Delta is a Delaware corporation with a principal place of business in Atlanta, Georgia.  (*Id.* ¶¶ 2–

1

3.) It further alleges that on or about July 14, 2022, Plaintiff was struck in the face by a bathroom door as she attempted to walk through the hallway in the Delta Sky Club resulting in severe permanent injuries. (*Id.* ¶¶ 6–7.) It thus alleges alleges a single count of negligence (premises liability) against Delta. (*Id.* ¶¶ 9–19.)

On October 5, 2023, Delta filed a Notice of Removal based upon diversity jurisdiction under 28 U.S.C. §§ 1446 and 1332. (D.E. 1.) It notes that the parties are completely diverse as Plaintiff is a citizen of Florida and Delta is a Delaware corporation with its principal place of business in Georgia. (*Id.* ¶¶ 7–8.) It further alleges the amount in controversy exceeds $75,000.00 as Plaintiff claims $77,727.24 in medical bills. (*Id.* ¶ 10.)

On November 30, 2023, Plaintiff filed the instant Motion (D.E. 23) requesting "leave to amend the complaint to join Miami-Dade County to this suit and add a count of direct negligence against it as the owner of the property at issue." (*Id.* ¶ 5.) Plaintiff alleges that because "Miami-Dade County is the owner of the property and Delta is a tenant . . . Miami Dade County has non-delegable duties owed to the Plaintiff, giving rise to their liability in this matter." (*Id.* ¶¶ 3–4.) Moreover, because the addition of Miami-Dade County would vitiate diversity jurisdiction, Plaintiff requests that the case be remanded to state court. (*Id.* ¶¶ 17–19.)

Plaintiff further alleges that Miami-Dade County could not have been added to the suit at the time of filing due to the sovereign immunity protections afforded by Florida Statute § 768.28. (*Id.* ¶ 6.) Pursuant to that statute, Plaintiff asserts she sent "a compliant Notice Letter to Miami-Dade County on May 8, 2023, via certified mail." (*Id.* ¶ 7.)

2

Plaintiff alleges the Notice Letter was received by Miami-Dade County on May 22, 2023. (*Id.* ¶ 8.) Plaintiff alleges she was barred from filing suit prior to the passage of six months or the denial of her claim, whichever came sooner. (*Id.* ¶ 9 (*citing* Fla. Stat. § 768.28).) Plaintiff alleges that "Miami-Dade County has not denied the claim, but the six (6) month time period expired on November 22, 2023, authorizing Plaintiff to file suit against Miami-Dade County and add them to this litigation." (*Id.* ¶ 10.) As discussed, Plaintiff filed the instant Motion eight days later, on November 30, 2023.

## II.     Legal Standard

A civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). One basis for removal to federal court is diversity jurisdiction, which requires complete diversity of citizenship between the parties and the existence of an amount in controversy in excess of $75,000. *See* 28 U.S.C. § 1332(a)(1); *see also Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("[A] defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement.)

Complete diversity of citizenship between the parties means that the citizenship of every plaintiff must be diverse from the citizenship of every defendant. *See Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994). "In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity

3

jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) (citations omitted).

"When a defendant removes a case to federal court on diversity grounds, a court must remand the matter back to state court if any of the properly joined parties in interest are citizens of the state in which the suit was filed." *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81 (2005)); *see also* 28 U.S.C. § 1447(c) (stating that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). However, "[w]hen a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." *Henderson*, 454 F.3d at 1281.

"To establish fraudulent joinder, the removing party has the burden of proving by clear and convincing evidence that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court."[1] *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) "This burden is a heavy one." *Id.* In other words, "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Tillman v.*

---

[1] Delta does not allege fraudulently pled facts, but rather asserts only that Plaintiff cannot maintain a cause of action against Miami-Dade County.

4

*R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003) (citation omitted) (per curiam); *see also Crowe v. Coleman*, 113 F.3d 1536, 1541-42 (11th Cir. 1997) (stating that "after drawing all reasonable inferences from the record in the plaintiff's favor and then resolving all contested issues of fact in favor of the plaintiff, there need only be a reasonable basis for predicting that the state law might impose liability on the facts involved.); *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, 436 Fed. App'x 888, 893 n.3 (11th Cir. 2011) (unpublished) (stating that "the fraudulent joinder analysis turns on the objective validity of the plaintiff's theories of jurisdiction and liability as to the non-diverse defendant, not on its subjective motivations for joining that defendant").

District courts are directed to strictly construe these requirements due to the "significant federalism concerns" raised by removal jurisdiction. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). Furthermore, "where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

## III.   Discussion[2]

---

[2] Delta first argues that "Plaintiff's Motion should be denied for failure to comply with Local Rule 7.1(a)(1)." (Resp. at 2.) The Court agrees with Delta that "Local Rule 7.1(a)(1) requires every motion, subject to certain exceptions not applicable here, incorporate a memorandum of law citing supporting authorities for the relief requested." (*Id.*) Delta cites two cases where litigants violated Local Rule 7.1(a)(1) by failing to cite *any* authorities. (*See id.* at 2–3.) Here, Delta does not dispute that Plaintiff cited supporting authorities in her Motion. Delta instead argues that because Plaintiff did not include a section titled "Memorandum of Law," her Motion should be denied. The Court disagrees. Local Rule 7.1(a)(1) does not require a section titled "Memorandum of Law." It is the substance—citing relevant authorities to support legal arguments—rather than the title that matters. In sum, the Court rejects Delta's argument and proceeds to the merits.

### a. Amount in Controversy

Initially, it is uncontested—and the Court finds that Delta has proven by a preponderance of the evidence—that the amount in controversy exceeds $75,000. *See Leonard*, 279 F.3d at 972. Specifically, Plaintiff claimed a current total of $77,727.24 in medical bills in her answers to Delta's interrogatory questions. (*See* D.E. 1-3 at 5.)

### b. Diversity of Citizenship

"[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphases in original). Where, as here, the plaintiff joins a non-diverse party, "the district court should consider: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether plaintiff has been dilatory in asking for amendment, (3) whether plaintiff will be significantly injured if amendment is not allowed, and (4) any other factors bearing on the equities." *Small v. Ford Motor Co.*, 923 F. Supp. 2d 1354, 1357 (S.D. Fla. 2013) (citations omitted.) Delta asserts that, upon review of these factors, leave to amend should not be granted. The Court addresses each factor in turn.

#### 1. Defeating Diversity

Delta first argues that "Plaintiff's behavior strongly suggests her real agenda is to include an additional defendant merely to defeat diversity." (Resp. at 5.) As grounds, Delta asserts that despite having knowledge that Miami-Dade County owns Miami International Airport, Plaintiff "did not name Miami-Dade County as a named defendant at any point while this case was in state court." (*Id.*) Delta, however, ignores Plaintiff's explanation for why Miami-Dade County was not named as a defendant while the case was

6

in state court. As discussed, under Florida Statute § 768.28 Plaintiff could not file suit against Miami-Dade County prior to the passage of six months or the denial of her claim, whichever came sooner. Plaintiff asserts—and Delta does not dispute—that the six-month period expired on November 22, 2023. Then, only eight days later, Plaintiff filed the instant Motion.

Plaintiff has established that she did not add Miami-Dade County as a defendant while the case was in state court because she was statutorily prohibited from doing so. This is a plausible explanation for her seeking to join Miami-Dade County in November 2023. Plaintiff has also plausibly alleged that Miami-Dade County would have been joined as a defendant in November 2023 had the case remained in state court.[3] (*See* Reply at 7–8.) In fact, Plaintiff states that prior to Delta filing the Notice of Removal, **"[c]ounsel for Plaintiff conferred with opposing counsel, warning that Miami-Dade County was about to be added to the suit upon denial of the claim or expiration of the 6-month period and explaining that diversity would then be lacking, but Delta pushed forward with its removal motion."** (*Id.* (emphasis in original).) The Court thus finds that the purpose of the amendment was not merely to defeat jurisdiction.

### 2. Dilatory Tactics

Second, Delta argues that Plaintiff failed to act "with due diligence or haste in making her joinder request[.]" (Resp. at 5.) Delta acknowledges Plaintiff's claim that "she

---

[3] While this fact supports Plaintiff's argument, she need not make such a showing as "the fraudulent joinder analysis turns on the objective validity of the plaintiff's theories of jurisdiction and liability as to the non-diverse defendant, not on its subjective motivations for joining that defendant." *Taylor*, 436 F. App'x at 893 n. 3.

was waiting for a necessary six-month window to close before moving forward with the amendment to include Miami-Dade County." (*Id.*)  Nevertheless, Delta argues that this decision was "illogical" as the "incident occurred on July 14, 2022.  The initial Complaint was filed . . . on March 27, 2023.  Yet, Plaintiff waited until May 8, 2023 to deliver notice to Miami-Dade County[.]"  (*Id.* at 6-7.)

Although Plaintiff could have acted with greater haste, Delta has pointed to no authority that would require Plaintiff to join all possible defendants at the earliest practicable time.  To the contrary, the Federal Rules of Civil Procedure require the Court to "freely" grant a party leave to amend a pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Here, Plaintiff was required to comply with the exhaustion provisions of Florida Statute § 768.28.  As discussed, the operative Amended Complaint was filed on July 27, 2023.  Months prior, on May 8, 2023, Plaintiff mailed her Notice Letter to Miami-Dade County.  In other words, Plaintiff submitted her Notice Letter 80 days before the operative Amended Complaint was filed.  Additionally, Plaintiff filed the instant Motion just eight days after the six-month period expired.  On this record, the Court finds that Plaintiff has not been dilatory in requesting amendment.  Moreover, under Federal Rule of Civil Procedure 15(a)(2), the Court finds that the interest of justice requires that leave be granted for Plaintiff to amend her pleadings to add Miami-Dade County as a defendant.

### 3. Significant Injury

Third, Delta argues that Plaintiff will not suffer a significant injury if joinder is denied because the Court "can accord complete relief among the existing parties." (Resp. at 6 (citing *Andreasen v. Progressive Express Insurance Company*, 276 F. Supp. 3d 1317

8

(S.D. Fla. 2017).)[4]  Delta asserts that Miami-Dade County's ownership of Miami International Airport "is not enough to result in liability." (*Id.*)  In support, Delta cites a string of Florida caselaw holding that "premises liability is not predicated on mere title or ownership of the property." (*Id.*)  Plaintiff counters stating that:

> [C]ase law makes clear that personal injury claims against Miami-Dade County for injuries at Miami International Airport are valid.  *See Bien-Aime v. Miami-Dade Cnty.*, 816 So. 2d 1176 (Fla. 3d DCA 2002) (reversing summary judgment in county's favor on slip-and-fall in MIA restroom); *Kenz v. Miami-Dade Cnty.*, 116 So. 3d 461, 464 (Fla. 3d DCA 2013) (slip and fall at MIA against county resolved on statutory grounds about knowledge); *Greenberg v. Schindler Elevator Corp.*, 47 So. 3d 901, 902 (Fla. 3d DCA 2010) (valid cause of action against Miami-Dade County and elevator company who owned and maintained Miami International Airport escalator upon which plaintiff was injured).  Thus, there is at least a possibility that Florida courts will find the claim valid.

(Reply at 6–7.)  The cases cited by the Parties demonstrate that Miami-Dade County's potential liability is not a clear-cut issue.  However, the Court need only decide whether there "is a possibility that a state court would find that the complaint states a cause of action[.]" *Tillman*, 340 F.3d at 1279.  The Court finds that Plaintiff has met this burden; and conversely, Delta has failed to meet its "heavy burden" of showing by clear and convincing evidence that there is no possibility Plaintiff can establish a claim against Miami-Dade County.  *Stillwell*, 663 F.3d at 1332.  The Court additionally finds that Plaintiff would suffer significant injury if enjoined from pursuing her claims against Miami-Dade County at this early stage in the litigation.

---

[4] In *Andreasen*, this Court denied a plaintiff's motion to remand.  In that case, there was "no apparent reason for [the plaintiff] waiting to add a defendant until after the originally-named defendant remove[d] the case." *Andreasen*, 276 F. Supp. at 1329.  Here, Plaintiff has presented a plausible reason—namely, the six-month waiting period imposed by Florida Statute § 768.28.

### 4. Other Factors

Delta argues that "[t]he removal statutes are designed to provide defendants with its choice of a federal or state forum, and Delta has selected a federal forum." (Resp. at 7.) Delta is mistaken. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" *Id.* (citations omitted.) Because no federal question is presented, the Court must be assured that diversity jurisdiction exists—that "*each* defendant is a citizen of a different State from *each* plaintiff." *Owen*, 437 U.S. at 373. Delta's mere preference of a federal forum is inadequate.

In conclusion, Delta has failed to show by clear and convincing evidence that Miami-Dade County was fraudulently joined. Because Miami-Dade County's proper joinder destroys complete diversity and deprives this Court of subject matter jurisdiction, the case must be remanded to state court.

## IV. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff Ana Usategui's Motion for Leave to File an Amended Complaint to Add a Defendant and Remand to Florida State Court (D.E. 23) is **GRANTED**; and

2. This case is **REMANDED** to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The Clerk shall take all

necessary steps and procedures to effect remand of the above-captioned action, terminate all pending deadlines, and close the case.

**DONE AND ORDERED** in Chambers at Miami, Florida this 4th day of January, 2024.

_____
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**